J. S06044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA

              v.             :

CHARLES LALONDE,               :        No. 137 EDA 2018
                                            :
          Appellant       :

Appeal from the PCRA Order, December 20, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003703-2011

BEFORE: BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 15, 2019**

Charles Lalonde appeals from the December 20, 2017 order entered by

the Court of Common Pleas of Philadelphia County dismissing without a

hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court provided the following synopsis of the relevant

procedural history:

> On March 12, 2011, [appellant] was arrested and
> charged with rape and aggravated indecent assault[1]
> after Philadelphia detectives received notification that
> there was a match in the Combined DNA Index
> System, linking him to a 2003 rape case that occurred
> on a secluded pedestrian-only walkway outside of the
> Franklin Mills Mall. On December 8, 2011, the [trial]
> court conducted a jury trial and on December 13,
> 2011, the jury found [appellant] guilty of rape and

---

[1] 18 Pa.C.S.A. §§ 3121(a) and 3125(a), respectively.

aggravated indecent assault. Following trial, [appellant] was evaluated by the Sexual Offender Assessment Board and determined to be a Sexually Violent Predator. On August 3, 2012, [appellant] was sentenced to 15 to 30 years['] state incarceration. On August 7, 2012, [appellant] filed post-sentence motions, which were denied by operation of law on December 6, 2012.

[On] December 12, 2012, [appellant] filed a Notice of Appeal to the Superior Court. On April 28, 2014[,] the Superior Court affirmed the trial court's [judgment of sentence]. [Appellant] filed for allowance of appeal but was denied **allocatur** on October 8, 2014. [**See Commonwealth v. Lalonde**, 102 A.3d 544 (Pa.Super. 2014) (unpublished memorandum), **appeal denied**, 101 A.3d 785 (Pa. 2014).] On April 28, 2015, [appellant] filed a timely **pro se** PCRA petition and a subsequent supplemental amended petition was filed on February 1[4], 2017. In his petitions, [appellant] argued that trial counsel was ineffective for failing to call witnesses and for failing to subpoena crucial security footage related to the case.

On July 26, 2016, David Rudenstein, Esquire, was appointed as PCRA counsel. On February 14, 2017, counsel filed an amended petition for post-conviction relief which included a request for funds to employ a private investigator. Said funding was granted by [the PCRA] court. Thereafter, [the PCRA court] received a letter from counsel on April 19, 2017[,] indicating that counsel would not be filing a supplement to his amended petition. On November 27, 2017, counsel informed [the PCRA court] at a scheduled status listing that, after having further contact with [appellant], he did not have sufficient necessary information to hire an investigator. As a result, [the PCRA court] sent a [Pa.R.Crim.P.] 907 Notice of Intent to Dismiss to [appellant] on November 28, 2017. On December 11, 2017, [appellant] replied to [the PCRA court's] 907 notice. On December 20, 2017, after independent review of [appellant's] **pro se** petitions, PCRA Counsel's amended petition, the

> Commonwealth's answer, and [appellant's] reply to the 907 notice, [the PCRA court] dismissed [appellant's] petition without a hearing based upon lack of merit.  On December 29, 2017, [appellant] appealed the dismissal of his petition to the Superior Court.

PCRA court opinion, 6/15/18 at 2-3 (citation to the record omitted).

On January 17, 2018, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied on February 6, 2018.  On June 15, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Did the Honorable PCRA Court err when it dismissed [appellant's] Amended Petition without holding a hearing?

Appellant's brief at 3.

When reviewing a PCRA court's denial of PCRA relief, it is well settled that:

> [o]ur standard of review [] is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa.Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479. 482 (Pa.Super. 2005)).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  **Id.** (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001).

**Commonwealth v. Larson**, 90 A.3d 1, 4 (Pa.Super. 2014).

Our supreme court has further stated as follows:

> The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." ***Commonwealth v. Paddy***, [] 15 A.3d 431, 442 ([Pa.] 2011) (quoting Pa.R.Crim.P. 909(B)(2)). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id.*** (quoting ***Commonwealth v. D'Amato***, [] 856 A.2d 806, 820 [Pa.] 2004)). We stress that an evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Commonwealth v. Jones***, [] 811 A.2d 994, 1003 n. 8 ([Pa.] 2002) (citation omitted). In ***Jones***, we declined to remand for an evidentiary hearing when the appellant merely asserted that counsel did not have a reasonable basis for his lack of action but made no proffer of evidence as to counsel's lack of action.

***Commonwealth v. Roney***, 79 A.3d 595, 640-605 (Pa. 2013), ***cert. denied sub nom. Roney v. Pennsylvania***, 135 S.Ct. 56 (2014).

Here, appellant contends that trial counsel rendered ineffective assistance for failing to "secure any video tapes that [Franklin Mills Mall] security would have made." (Appellant's brief at 8.) Moreover, appellant makes the bald allegation that "trial counsel, apparently, did nothing to marshal any evidence in this case[.]" (***Id.*** at 9.)

Appellant, however, provides no evidence to support these claims, aside from mere speculation that the videotapes in question even exist. Indeed, as noted by the PCRA court,

> [Appellant] failed to demonstrate that this supposed tape ever existed or what was on it. Moreover, [appellant] committed [his] crimes in 2003 but was not apprehended until 2011, therefore it is very unlikely that security footage from eight years earlier would still have existed at the time of trial eight years later.

PCRA court opinion, 6/15/18 at 5-6.

Based on the record before us, we find that the record supports the PCRA court's determination that holding an evidentiary hearing would serve no further legitimate purpose. We further find that the PCRA court's determination is free of legal error. Accordingly, the PCRA court did not abuse its discretion when it dismissed appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/19